## WALLACE v. JOHNSON.

1. Under the act of 1877 (16 *Stat.* 264), which authorized a distress for rent to be levied upon any property found upon the premises, without regard to its ownership, household goods of the wife were distrained for rent due by the husband. *Held*, that the wife could not claim the exemption of such property under a homestead law which exempted her property from levy and sale for her own debts, but not for the debts of another.

2. But the seizure was in violation of Article XIV., Section 8, of the Constitution, which protects her property from levy and sale for her husband's debts.

3. By leaving the property in her husband's house—their common home—the wife cannot be held to have made a voluntary pledge of the goods to the payment of her husband's rent for the premises, and no contract to such effect can be thereby implied.

Before KERSHAW, J., Newberry, December, 1880.

Action by Jane E. Wallace against William C. Johnson and R. B. Holman, commenced February 5, 1878. The opinion states the case.

Messrs. *Suber & Caldwell*, for appellant.

It being conceded that the husband has had no exemptions of real or personal property set apart to him, and that the goods distrained are worth less than $500, the act of 1874 (15 *Stat.* 589) is sufficient to exempt this property to the wife. But Article XIV., Section 8, of the Constitution seems to be conclusive of the question.  "Levy and sale" include distress for rent.   4 *McC.* 378; 4 *Strob.* 365.

Mr. *T. S. Moorman*, contra.

The homestead provisions of the constitution and statutes exempt property only to the head of a family out of his own property and as against his own debts.   The provision as to married women gives them no more rights than other persons have in their own property, or than they would have if *femmes sole.*   Indeed, there is a restriction in the proviso to this section.   The property here distrained was therefore exempt *as his property*, but was entitled to no greater privileges than the property of other persons, if found on these leased premises. They could therefore be distrained.   10 *S. C.* 474; 1 *Bail.* 502.

July 15, 1883.   The opinion of the court was delivered by

Mr. Chief Justice Simpson.—Andrew Wallace having failed to pay the rent of a certain house leased to the said Wallace by W. C. Johnson, a distress warrant was issued by a trial justice at the instance of the said Johnson, which was levied by the constable Holman, upon the personal property of Mrs. Wallace, the wife of the tenant, being the household and kitchen furniture on the premises and in the use of the family. This action was brought by Mrs. Wallace to recover possession of this property, the landlord and the constable being defendants.

There is no contest as to the title of the property. This is conceded to belong to Mrs. Wallace, but the defendants claim that being found on the premises of the tenant, it was liable to be distrained for the rent in arrears. The remedy by distress for rent in arrears, which had been abolished by Section 20 of the Act of 1868 (14 *Stat.* 106), was restored by the Act of June, 1877 (16 *Stat.* 265). *Mobley* v. *Dent,* 10 *S. C.* 471. This act was amended by the Act of March, 1878, (16 *Stat.* 511), so as to restrict the right of distress to such property as belonged alone to the tenant in his own right; so that the question involved here cannot hereafter arise. The seizure of the property in this case by the constable Holman, however, took place in January, 1878, just before the Act of March, 1878, and while the Act of June, 1877, was of force, unaffected by the restriction in the Act of 1878. The question raised therefore is a pertinent one in this case.

The plaintiff claimed that the property was exempt from distress upon two grounds: *First,* under the Homestead Act of 1874, 15 *Stat.* 589; and *secondly,* under Art. XIV., Section 8, of the Constitution of this State, in reference to the property of married women. The right of trial by jury having been waived, the case was heard by the presiding judge, who dismissed the complaint, and ordered the property seized to be sold, and the proceeds applied to the rentals due and costs. The appeal rests upon the two grounds above mentioned, and calls for the judgment of the court thereon.

The Homestead Act of 1874, *supra,* provides that in case any married woman having a separate estate shall be married to the head of a family who has sufficient property to constitute a homestead as hereinbefore provided, shall be entitled to all the provisions of the Act and to the exemptions of her property from levy and sale for her debts, *and of her contracts.* It will be seen that by the terms of this act, the exemption is limited to her debts, and of her own contracting, while therefore if this levy was made by virtue of a debt of the appellant, a debt of her own contracting, this act might be interposed by the plaintiff successfully; yet made under the circumstance surrounding this case and not for her debt, but the debt of her

husband, in our opinion it does not apply. The distress warrant was executed upon appellant's property not by virtue of appellant's debt for the rent, but by virtue of the law of distress which authorized its levy upon any property found on the premises, without regard to the ownership. The Act of 1874 as to married women was intended to afford protection in a limited class of cases. This case does not fall within that class, and the act cannot be extended by construction so as to cover it. Such being our view as to the extent of the act, it will not be necessary to consider the question of its constitutionality raised in appellant's argument, because whether constitutional or not, it does not apply to the facts of this case. Its further consideration may therefore be dismissed.

We are of the opinion, however, that appellant's second ground must be sustained. She has the right to stand upon the constitutional provision which she invokes. Article XIV., Section 8, provides that the real and personal property of a woman held at the time of her marriage, or that which she may acquire thereafter, either by gift, grant, inheritance, devise or otherwise, *shall not* be subject *to levy and sale* for her husband's debts, but shall be held as her separate property, and may be bequeathed, devised or alienated by her the same as if she were unmarried. Here is an inhibition positive and direct. It is in the organic law of the State, and it overrides all other laws. It is not pretended that the rent in this case is due by the appellant; on the contrary it is acknowledged and well understood by all parties, that it is the debt of the husband. Such being the fact, the distress warrant levied upon this property is an effort on the part of respondent to bring to sale the property of the wife for the debt of the husband, which is in direct conflict with the constitutional inhibition referred to above.

It may be urged that the wife knowing the law of distress, and leaving her property on the premises, it became subject to the operation of that law, by her consent; that this amounted to a voluntary pledge on her part for the payment of her husband's debt, which under the recent decisions she had a right to make, and that she cannot now repudiate this implied con-

tract.   This would be stretching the doctrine of implied con-
tracts beyond all reasonable limits.   The property here was
household and kitchen furniture, in the immediate use of the
wife, no doubt at the head of this department of the household
affairs.   This property was hers, as it is admitted, and living
with her husband, where else could it have been kept and used,
but on the premises which he provided for their home?

By keeping the property there, we do not believe that she
intended to pledge it for the payment of the rent, nor did a
contract either express or implied to that effect arise out of the
facts ; so that at last the case turns upon the question, shall the
constitution, which expressly inhibits the sale of the wife's prop-
erty for the debt of the husband, prevail, or shall the law of
distress, which allows any property found on the premises to
be sold for rent in arrears, control in this case?   The Constitu-
tion is the paramount law of the State; certainly no act
passed since its adoption can override its provisions, nor any
principle of the common law which is in conflict therewith.

It is the judgment of this court that the judgment of the
Circuit Court be reversed.